1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA LEE DRINNON,                          Case No.  2:24-cv-00900-JDP (PC)

12                         Plaintiff,              **ORDER**

13           v.                                    GRANTING PLAINTIFF'S APPLICATION
                                                   TO PROCEED *IN FORMA PAUPERIS*,
14    FEDERAL BUREAU OF                             MOTION FOR EXTENSION OF TIME,
      INVESTIGATION,                               AND MOTION FOR LEAVE TO FILE
15                                                 AMENDED COMPLAINT
                             Defendant.
16                                                 ECF Nos. 2, 5, & 6

17                                                 SCREENING ORDER FINDING THAT
                                                   THE FIRST AMENDED COMPLAINT
18                                                 FAILS TO STATE A COGNIZABLE
                                                   CLAIM
19
                                                   **FINDINGS AND RECOMMENDATIONS**
20
                                                   THAT THIS ACTION BE DISMISSED FOR
21                                                 FAILURE TO STATE A COGNIZABLE
                                                   CLAIM
22
                                                   ECF No. 8
23

24

25          Plaintiff, a state prisoner, brings this action against two unnamed FBI agents whom he

26    alleges tormented him for over two years.  ECF No. 8 at 4-5.  I find that this claim is non-

      cognizable and recommend this action be dismissed for failure to state a claim.  I will also grant
27
      his application to proceed *in forma pauperis*, motion for extension of time to file his amended
28

                                                      1

1   complaint, and motion for leave to amend.[1]  ECF Nos. 2, 5, & 6.

2                                    **Screening Order**

3      **I.        Screening and Pleading Requirements**

4            A federal court must screen a prisoner's complaint that seeks relief against a governmental

5   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26  _____

27  [1] Plaintiff filed his initial complaint on March 21, 2024.  ECF No. 1.  Before I screened his complaint, plaintiff filed on the same day a motion for leave to file an amended complaint and a first amended complaint, *see* ECF Nos. 6 & 8.  Plaintiff's motion to file an amended complaint

28  is granted in terms of his first amended complaint, which I have screened in this order.

## II.     Analysis

Plaintiff alleges that, since January 1, 2022, two unidentified FBI agents, one male and one female, have subjected him to all manner of torture for no discernable reason.  ECF No. 8 at 2.  He alleges, for instance, that the agents have, via methods unknown, inflicted physical and emotional pain and prevented him from sleeping.  *Id.* at 7.  He claims that agents followed him to different prisons and conscripted prison staff and other inmates in their efforts to harass him.  *Id.* at 8-10.  Plaintiff alleges that the agents told him they had been watching him for forty years and now were there to torture him for the remainder of his life.  *Id.* at 2.  Plaintiff has alleged the sort of fantastical or delusional scenarios that merit dismissal.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (holding that courts have the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").  Here, plaintiff's claims are so unlikely as to be fanciful.  The notion that two FBI agents would follow a state prisoner from institution to institution, torture him without discernible reason or motivation, and employ various powers of uncertain provenance is, in this case, too implausible to proceed past screening.  In so finding, I do not accuse plaintiff of lying, insofar as it may be that he genuinely believes the allegations he has set forth, but the sincerity of his belief does not render his allegations real enough to sustain litigation.

I now recommend that this action be dismissed.  No further chances to amend are warranted, as plaintiff cannot state a viable claim without changing the fundamental basis of his litigation.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's motion for extension of time, ECF No. 5, is granted.

3. Plaintiff's motion for leave to file an amended complaint, ECF No. 6, is granted.

4. The Clerk of Court is directed to randomly assign a district judge to this matter.

Further, it is RECOMMENDED that the amended complaint, ECF No. 8, be DISMISSED without leave to amend for failure to state a cognizable claim and as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 22, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4